UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| IGT, a Nevada Corporation, | ) | 2:04-cv-1676-RCJ (RJJ) |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALLIANCE GAMING CORPORATION, | ) | |
| a Nevada Corporation; BALLY GAMING | ) | |
| INTERNATIONAL, INC., a Delaware | ) | |
| Corporation; and BALLY GAMING, | ) | |
| INC., a Nevada Corporation d/b/a BALLY | ) | |
| GAMING & SYSTEMS, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |
| | ) | |

This matter comes before the Court on Plaintiff IGT's Objections to Magistrate Judge's Order Granting Defendants' Motion for a Protective Order Barring topics 8-51 and 63-74 of Plaintiff's 30(b)(6) Deposition Notices. (# 237-1.) The Court has considered the Objections, the pleadings on file, and oral argument on behalf of all parties. It is hereby ordered that Plaintiff's Objections (# 237-1) are *denied* in part and *granted* in part.

**BACKGROUND**

On August 22, 2005, IGT served Defendants Alliance Gaming Corporation, Bally Gaming International, Inc., and Bally Gaming, Inc. (collectively "Bally") Notices of Deposition in accordance with Federal Rule of Civil Procedure 30(b)(6). IGT served each of the above defendants with identical deposition notices. Each notice contained seventy-seven deposition topics. On September 30, 2005, Bally served IGT with responses and objections to the 30(b)(6) notices.

On November 11, 2005, Bally filed a Motion for a Protective Order Barring Topics 8-51 and 63-74 of Plaintiff's 30(b)(6) Deposition Notices (# 73-1) with Magistrate Judge Johnston. In its motion, Bally asked Judge Johnston to impose an order barring IGT from conducting Rule 30(b)(6) depositions on topics 8-51, and 63-74. Bally argued these deposition notices were improper contention topics, overly burdensome, duplicative, inefficient, and otherwise inappropriate in this case. IGT objected to the motion, arguing the depositions were an appropriate means to conduct discovery. IGT further argued that it had attempted to accommodate Bally to ease any potential burden, and that IGT was entitled to seek discovery in more than one manner. Finally, IGT argued that Bally failed to adequately produce requested documents, which necessitated the 30(b)(6) deposition notices.

On August 29, 2006, after reviewing Bally's and IGT's motions and related exhibits, Judge Johnston issued an Order (# 230) granting Bally's Motion for Protective Order as to all topics. Judge Johnston further ordered Bally to designate the specific documents that answer each request on or before September 19, 2006, and that discovery regarding the anti-trust and unfair trade practices claims could continue except for contention 30(b)(6) depositions. IGT

then filed its Objections (# 237-1) to Judge Johnston's Order (# 230) on September 9, 2006.

## DISCUSSION

Plaintiff IGT has asked this Court to set aside Judge Johnston's Order. (# 230.) Plaintiff IGT raises two principal arguments in objection to the Order. (# 230.) First, IGT claims that Judge Johnston's Order (# 230) relies on a clearly erroneous finding that the parties agreed to postpone other discovery on patent claims until completion of claim construction. (# 237-1, 1-2.) Second, IGT argues the order denying IGT the right to use 30(b)(6) depositions to discover the factual basis of Bally's allegations is contrary to law. (# 237-1, 3-4.)

### I.    Standard of Review

The district court may not set aside a magistrate judge's determination of a non-dispositive pretrial matter unless it finds the order "to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1172 (D. Nev. 2005) (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). Furthermore, "the district judge must affirm the magistrate judge unless it is left with the 'definite and firm conviction that a mistake has been committed.'" *Premiere Digital Access, Inc.*, F. Supp. 2d at 1172 (quoting *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992)). In addition, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)). Accordingly, IGT must satisfy a stringent standard in order to persuade this Court to overturn Judge Johnston's Order. (# 230.)

## II. Judge Johnston's Findings

IGT's first argument in objection to Judge Johnston's Order is that the Order "relies on a clearly erroneous finding that the parties agreed to postpone other discovery on patent claims until completion of claim construction." (# 237-1, 2.) Specifically, IGT argues, "[t]o the extent the Magistrate's Order is based on the clearly erroneous factual finding that such an agreement exists, it should be set aside." (# 237-1, 2.)

In his Order, Judge Johnston issued ten specific findings. Finding number five states the following: "The parties have agreed through their proposed and court approved scheduling orders that claim construction would be completed before other discovery on the patent claims." (# 230, 2.) According to IGT no such agreement exists, and Bally did not refute that contention at oral argument. To the contrary, in a Court-approved Stipulated First Amended Discovery Plan and Scheduling Order (# 55), the parties agreed that it would not be a legitimate ground for objecting to a discovery request to assert that the request is premature in light of the claim construction schedule. Thus, Judge Johnston's finding appears to conflict with the parties' agreement. However, this finding, even if incorrect, does not require the Court to completely set aside Judge Johnston's Order.

When Bally moved for a protective order, it did not argue that claim construction should be completed before conducting discovery. Instead, Bally's motion focused on the burdensome nature of the Rule 30(b)(6) deposition notices. Judge Johnston noted that of the seventy-seven total deposition topics, twenty-two were not objected to, and IGT agreed to withdraw twelve more. When issuing his Order (# 230), Judge Johnston's findings also noted, "[m]ost of the 30(b)(6) deposition topics have parallel interrogatories and requests for

production." (# 230, 2.) Although parties generally may obtain discovery regarding any matter not privileged, the court may limit the frequency or use of otherwise permissible discovery methods where the court determines the discovery sought is cumulative, duplicative, unduly burdensome, or if the party seeking discovery had other opportunity to discover such information. Fed. R. Civ. P. 26(c); *see also In re Applied Micro Circuits, Corp.* No. 01cv649 K(AJB), 2003 U.S. Dist. LEXIS 9371, at *6-8 (S.D. Cal. May 20, 2003) (citing Fed. R. Civ. P. 26(c)). Specifically, Bally argued, and Judge Johnston agreed, that the notices were unduly burdensome because they asked for the identical information already sought through other discovery methods. Bally provided Judge Johnston with charts comparing the 30(b)(6) notices with identical interrogatories that had already been requested. In addition, Bally argued the Rule 30(b)(6) deposition notices related to complex patent topics for which the employees in the designated company could not have reasonably been expected to respond. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (noting that 30(b)(6) depositions relating to patent claims is something best done by patent lawyers) (*rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991)).

In this case, Judge Johnston applied the proper standard as expressed in Federal Rule of Civil Procedure 26. Judge Johnston based his decision on all the parties' arguments. IGT has not demonstrated how the findings to which it objects would have otherwise negated the above reasoning. Although Judge Johnston may have mistakenly stated that the parties agreed to finding number five, his overall decision does not qualify as clearly erroneous. However, because the finding to which IGT objects is not supported by the parties' agreement (as Judge Johnston states it is), the Court sets aside Judge Johnston's Order to the

extent it is based on the finding that the parties agreed to postpone other discovery on patent claims until completion of claim construction and to postpone any discovery on the patent and antitrust claims until the completion of the claim construction portion of the case. *See* Fed. R. Civ. P. 72(a) (stating that the district court must modify or set aside "any portion of the magistrate judge's order found to be clearly erroneous or contrary to law").

In addition, the Court orders Bally to strictly abide by Judge Johnston's Order that Bally "must designate the specific documents that answer each document request." If Bally argues 30(b)(6) depositions are unduly burdensome in part because other discovery means are more appropriate, it should promptly attend to those other methods. If Bally refuses to comply with Judge Johnston's Order to promptly provide discovery requests or otherwise provides deficient interrogatories, IGT may use Rule 30(b)(6) depositions.

**III.   IGT Argues Denying 30(b)(6) Depositions is Clearly Contrary to Law**

IGT's second argument in objection to the Judge's Order (# 230) is that denying IGT the right to use 30(b)(6) depositions for discovery is contrary to law. Parties may obtain discovery through several methods, including depositions. Fed. R. Civ. P. 26(a)(5).

IGT cites to several cases stating that 30(b)(6) depositions are clearly permissible. While 30(b)(6) depositions are permissible, Judge Johnston may limit the frequency or extent of otherwise permissible discovery methods. Fed. R. Civ. P. 26(b)(2). Judge Johnston did not bar all 30(b)(6) deposition notices—just those he determined were improperly duplicative or burdensome. In making his decision, Judge Johnston noted that the same information had already been requested through interrogatories. Pursuant to Federal Rules of Civil Procedure, a court may limit a party's ability to use more than one discovery method if "the discovery

sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Id.* at 26(b)(2). Because the matters related to complex patent issues, Judge Johnston agreed with Bally's argument that the more efficient and less burdensome manner in which to obtain such information was through interrogatories and not 30(b)(6) notices, which would require Bally to take considerably more time and expense to prepare individuals to competently discuss the facts surrounding the patent claims. *See McCormick-Morgan, Inc.*, 134 F.R.D. at 287 (noting that 30(b)(6) depositions relating to patent claims is something best done by patent lawyers).

      IGT further argues a protective order is not an appropriate tool to block Rule 30(b)(6) deposition notices. To enforce a discovery limitation, parties may seek a protective order under Federal Rule of Civil Procedure 26(c). To obtain such an order, the party resisting discovery must show good cause for its issuance. As detailed above, Judge Johnston considered Bally's arguments that the Rule 30(b)(6) motions were burdensome in that the same information had been requested through interrogatories, and that interrogatories would be a more appropriate discovery method considering the complex patent issues. Contrary to IGT's argument, courts have granted protective orders banning Rule 30(b)(6) depositions. *See, e.g., In re Applied Micro Circuits, Corp.*, 2003 U.S. Dist. LEXIS 9371, at *6-8.

      Bally asked Judge Johnston to issue a protective order barring certain Rule 30(b)(6) deposition notices because they were unduly burdensome for several reasons. Judge Johnston considered such reasons and issued his ruling. Although Judge Johnston did err regarding finding number five, his decision to grant the protective order was not clearly erroneous or contrary to law. While the Court may not completely agree with Judge

Johnston's decision, it cannot overrule Judge Johnston's Order simply because the Court would have decided differently. *Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1172 (D. Nev. 2005) ("The reviewing court may not simply substitute its judgment for that of the deciding court.").

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that Plaintiff IGT's Objections to Magistrate Judge's Order Granting Defendants' Motion for a Protective Order barring Topics 8-51 and 63-74 of Plaintiff's 30(b)(6) Deposition Notices (# 237-1) asking the Court to set aside Judge Johnston's Order (# 230) is *denied in part* and *granted in part*.

The Court *upholds* Judge Johnston's Order barring topics 8-51 and 63-74 of Plaintiff's 30(b)(6) Deposition Notices. The Court further *upholds* Judge Johnston's Order that Bally must "designate the specific documents that answer IGT's document requests on or before September 19, 2006." However, the Court also notes that if Bally fails to provide sufficient interrogatory responses, IGT may use Rule 30(b)(6) depositions. The Court *grants* IGT's request to set aside Judge Johnston's Order to the extent it bars the parties from conducting discovery on patent issues simultaneously with claim construction proceedings or otherwise mandates completion of the claim construction portion of the case before discovery regarding patent infringement and validity may take place.

DATED this 28th day of September, 2006.

                                                                            _____
                                                                                            ROBERT C. JONES
                                                                                 UNITED STATES DISTRICT JUDGE