

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 1 7 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IGT, a Nevada Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIANCE GAMING CORPORATION, a Nevada Corporation; BALLY GAMING INTERNATIONAL, INC., a Delaware Corporation; and BALLY GAMING, INC., a Nevada Corporation d/b/a BALLY GAMING SYSTEMS,<br><br>    Defendants. | 2:04-cv-01676-RCJ-RJJ<br><br>ORDER |

Currently before the Court is a Motion for Attorney Fees and Expenses (#1066) filed on December 14, 2010, by Defendants Bally Technologies, Inc., Bally Gaming International, Inc., and Bally Gaming, Inc. (collectively referred to herein as "Bally"). Plaintiff IGT ("IGT") filed an Opposition (#1079) on January 28, 2011, and Bally filed a Reply (#1084) on February 23, 2011.[1] For the following reasons, the Court denies the motion.

## BACKGROUND

IGT is a global company specializing in the design, development, manufacturing, distribution, and sales of computerized gaming machines and system products. Bally, one of IGT's chief competitors, is a diversified, worldwide gaming company that designs, manufactures, operates, and distributes gaming machines and computerized monitoring systems for gaming machines, owns and operates a significant installed base of gaming machines, and owns and operates a casino.

---

[1] In addition to the foregoing, the parties have filed various motions to seal the documents relating to the issue on attorney's fees: Motion to Seal (#1069), Motion to Seal (#1078) and Motion to Seal (#1086). The Court GRANTS these motions.

On December 12, 2004, Plaintiff IGT filed with this Court a Complaint (#1) for patent infringement against Bally. In its Complaint, IGT alleged six separate infringement counts for six different patents: Patent No. 6,827,646 ("646 patent"); Patent No. 5,848,932 ("932 patent"); Patent No. 5,788,573 ("573 patent"); Patent No. 5,722,891 ("891 patent"); Patent No. 6,712,698 ("698 patent"); and Patent No. 6,722,985 ("985 patent"). On January 21, 2005, Bally filed its Answer and numerous counterclaims, including: (1) declaratory judgment of noninfringement, invalidity, and unenforceability of the '646 Patent, '932 Patent, '573 Patent, '891 Patent, '698 Patent, and '985 Patent; (2) monopolization and attempted monopolization of the gaming machine and wheel game markets in violation of 15 U.S.C. § 2 and Nevada law; (3) violation of the Lanham Act; (4) "Walker Process" violation; (5) violation of Nev. Rev. Stat. 598A.210; and (6) intentional interference with prospective business advantage.

On October 16, 2008, the Court issued two Orders granting and denying various motions for summary judgment. The Court found that IGT's patents '646 and '573 were invalid, and that Bally had not infringed IGT's '646, '573, and '891 patents. (Order (#948)). The Court denied IGT's motion for summary judgment as to Bally's antitrust and Lanham Act claims. *Id.* The Court further found that IGT's '698 patent was invalid and that Bally had not infringed the '698 patent. (Order (#947)). IGT's '985 patent was not declared invalid and the Court noted two issues which remained in the case: (1) whether the '985 patent is invalid as obvious under 35 U.S.C. § 103, and (2) whether the Mcc iVIEWs with player tracking devices infringe upon the '985 patent. *Id.*

Following this Court's issuance of the foregoing Orders, the Court issued a stay as to all remaining proceedings and certified counts I through IV of the Complaint for appeal. The United States Court of Appeals for the Federal Circuit affirmed the Court's Orders on October 22, 2009. (#983). Subsequently, Bally moved the Court to lift the stay in the proceedings in order to proceed to trial on the remaining issues before the Court. At oral argument on the motion to lift the stay, the Court indicated that it intended to revisit whether there were matters for trial on the remaining issues in the case which were previously raised in the motions for summary judgment (#998). The parties were invited to file any additional briefs or renewed motions for summary judgment, if they wished to do so. *Id.*

Following the Court's hearing, IGT filed a motion to reconsider the Court's order denying

2

summary judgment on Bally's remaining counterclaims, and Bally filed renewed motions for summary judgment as to the invalidity of IGT's '891 and '985 patents. On November 29, 2010, the Court issued an Order (#1061) on the remaining claims. In its Order, the Court granted IGT's motion to reconsider and denied Bally's remaining counterclaims. The Court also dismissed Bally's claim for invalidity of the '891 patent and granted Bally's motion for summary judgment on the invalidity of the '985 patent. Based on this Order, a final judgment was entered in this matter on February 25, 2011.

Following the Court's November 29, 2010 Order, Bally moved the Court for an award of attorney's fees in the amount of $7,057,091 and $2,421,560 in expenses. According to Bally, attorney's fees are merited in this action based on IGT's "inequitable conduct before the Patent Office, institution of a lawsuit in which it asserted infringement claims for patents it knew to be invalid and not infringed by the accused products, and intentional delay in bringing the lawsuit in order to maximize Bally's potential damages." (Mot. for Attorney's Fees (#1067) at 7). IGT has opposed the motion stating that it did not engage in inequitable conduct and that there is no evidence that IGT pursued its patent infringement claims for improper purposes or without a reasonable belief that it would prevail. (Opp'n (#1079) at 6).

As will be discussed in the following, the Court finds that this is not an exceptional case meriting attorney's fees and expenses under the Patent Act.

## DISCUSSION

Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney[s'] fees to the prevailing party." According to the Federal Circuit, section 285 "must be interpreted against the background of the Supreme Court's decision in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). *iLor, LLC v. Google, Inc.*, ___ F.3d ___, 2011 WL 140358 (Fed. Cir. 2011). There, the Court recognized that the right to bring and defend litigation "implicated First Amendment rights and that bringing allegedly frivolous litigation could only be sanctioned if the lawsuit was 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.'" *Id.* (quoting *Professional Real Estate*, 508 U.S. at 60, 113 S.Ct. 1920). "Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." *Id.*

3

In determining whether a case is "exceptional under § 285, the relevant standard is set forth in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). In that case, the Federal Circuit held that an award of attorneys' fees is permissible "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions."[2] *Id.* (quoting *Brooks Furniture*, 393 F.3d at 1381. The Federal Circuit, relying on *Professional Real Estate*, held that "absent misconduct during patent prosecution or litigation, sanctions may be imposed against a patent plaintiff 'only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.'" *Id.*; *see also Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d at 1304-06.

In addition, the Federal Circuit holds that an infringement action does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed. *Id.* "Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Id.* (quoting *Brooks Furniture*, 393 F.3d at 1384). Under this "exacting standard," the plaintiff's case must have no objective foundation, and the plaintiff must actually know this. *Id.* Both the objective and subjective prongs of *Brooks Furniture*, "must be established by clear and convincing evidence." *Id.* Further, the Federal Circuit notes that under the law "a presumption that the assertion of infringement of a duly granted patent is made in good faith." *Id.*

Bally argues that attorney's fees are warranted because IGT committed "inequitable conduct by intentionally withholding the Wheel of Gold during prosecution of the '573 patent and making misrepresentations regarding the prior art." (Mot. for Attorney's Fees (#1067) at 18). In addition, Bally argues that IGT's "litigation misconduct renders this case exceptional." *Id.* at 21. According to Bally, IGT engaged in litigation misconduct by: (1) asserting the wheel patents against triple spin; (2) knowingly asserting invalid patents; (3) delaying in bringing its infringement claims so as to increase Bally's damages exposure; and (4) engaging in vexatious and frivolous litigation during this case.

---

[2] The exceptional nature of the case must be established by clear and convincing evidence. *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009). In addition, the Federal Circuit has consistently found that only a "limited universe of circumstances warrant a finding of exceptionality in a patent case." *Id.*

In response, IGT argues that despite Bally's arguments to the contrary, there is no evidence that IGT engaged in inequitable conduct or pursued its patent infringement claims for improper purposes. (Opp'n (#1079). In this regard, IGT notes that this Court has never found that IGT committed inequitable conduct or fraud on the PTO. In addition, IGT argues that there is no evidence of any deceptive intent related to the prosecution of the '573 patent. IGT also argues that even though the Court ultimately disagreed with its arguments and analysis, it had a good faith basis for bringing this lawsuit.

In this matter, an award of attorney's fees and expenses is not warranted under 35 U.S.C. § 285. As noted by the Federal Circuit, that provision can only be applied in "exceptional" cases wherein the party moving for fees can show through clear and convincing evidence that there was material misconduct during the litigation such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violated Rule 11, or like infractions. Although Bally asserts that IGT engaged in such conduct during the course of this matter, it has not provided the requisite clear and convincing evidence to support its assertions. In addition, Bally has failed to show that IGT's claims for patent infringement were so "objectively baseless" that "no reasonable litigant could realistically expect success on the merits." As noted by the Federal Circuit, infringement cases are often difficult to determine and a patentee's ultimately incorrect view of how a court will find does not establish the necessary bad faith.

Here, although the IGT was ultimately unsuccessful in its patent infringement suit, Bally has not met its high burden to show by clear and convincing evidence that the suit was brought frivolously or that IGT's position was objectively baseless.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Bally's Motion for Attorney Fees and Expenses (#1066) is DENIED.

IT IS FURTHER ORDERED that the Motion to Seal (#1069) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Seal (#1078) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Seal (#1086) is GRANTED.

///

///

5

DATED: March 17, 2011

_____
United States District Judge